UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

AUTONOMOUS MUNICIPALITY OF SAN JUAN,

       Plaintiff,

  -v-                                               Case No. 19-cv-1474

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

       Defendant.

------------------------------------------------------------x

## OPINION AND ORDER GRANTING THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO'S MOTION TO DISMISS

APPEARANCES:

CHARLIE HERNÁNDEZ LAW OFFICES
By:   Charlie M. Hernández
206 Tetuán Street, Suite 701
Old San Juan, Puerto Rico 00901-1839

MARIANI FRANCO LAW, P.S.C.
By:   Raúl S. Mariani Franco
P.O. Box 9022864
San Juan, Puerto Rico 00902-2864

WINSTON & STRAWN LLP
By:   Julissa Reynoso
        Aldo A. Badini
        Marcelo M. Blackburn
        Michael A. Fernández
200 Park Avenue
New York, New York 10166

       *and*

   Leo F. Delgado
101 California Street, 35th Floor
San Francisco, California 94111

*Attorneys for Plaintiff Autonomous Municipality of San Juan*

O'NEILL & BORGES LLC
By:   Hermann D. Bauer
250 Muñoz Rivera Avenue, Suite 800
San Juan, P.R. 00918-1813

PROSKAUER ROSE LLP
By:   Martin J. Bienenstock
        Timothy W. Mungovan
        Hadassa R. Waxman
        Lucy C. Wolf
Eleven Times Square
New York, N.Y. 10036

       *and*

   Guy Brenner
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004

*Attorneys for Defendant the Financial Oversight and Management Board for Puerto Rico*

LAURA TAYLOR SWAIN, United States District Judge

Before the Court is *The Financial Oversight and Management Board for Puerto Rico's Motion to Dismiss Counts I and II of the Complaint with Prejudice, and to Dismiss Without Prejudice or to Stay Count III* (Docket Entry No. 46 in Civil Case No. 19-1474,[1] the "Motion"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"). In the Motion, the Oversight Board seeks dismissal of the *Complaint for Declaratory Judgment and Injunctive Relief* (Docket Entry No. 1, the "Complaint"), filed by the Autonomous Municipality of San Juan ("San Juan" or "Plaintiff").

In the Complaint, San Juan asserts that the Oversight Board's May 2019 designation of San Juan and other municipalities as "covered territorial instrumentalit[ies]" under the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"[2]) violated federal common law concerning agency actions because PROMESA charges the Oversight Board with oversight of fiscal responsibility at only the island-wide level of the government of the Commonwealth of Puerto Rico (the "Commonwealth") and because the Oversight Board failed to provide a contemporaneous explanation of its specific rationale for the designation of San Juan and other municipalities. In the alternative, Plaintiff asserts that, if the Oversight Board did not violate federal common law and its designation of San Juan was authorized by PROMESA, PROMESA itself violates the non-delegation doctrine as a standardless delegation of authority by Congress. Plaintiff further contends that the Oversight Board's designation of San Juan as a covered territorial instrumentality is invalid because the current members of the

---

[1]   All docket entry references are to entries in Civil Case No. 19-1474, unless otherwise specified.
[2]   PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers in the remainder of this opinion and order are to the uncodified version of the legislation.

Oversight Board were not appointed in conformity with the Appointments Clause of the Constitution of the United States. Plaintiff also asserts generally that the Oversight Board has exercised its authority pursuant to PROMESA in a way that has deprived inhabitants of the Commonwealth of their democratic right to representative government by imposing policy preferences on the Commonwealth over the objections of Puerto Rico's elected officials.

The Court has subject matter jurisdiction of this action pursuant to 48 U.S.C. § 2166 and has considered carefully all of the submissions made in connection with the Motion.[3] For the following reasons, the Motion is granted.

I.

BACKGROUND

The following recitation of facts is drawn from the Complaint, except where otherwise noted.

Plaintiff is an autonomous municipality organized by and existing under the laws of the Commonwealth. (Compl. ¶ 6.) San Juan is the capital and most populous municipality of Puerto Rico, with an estimated population of approximately 320,976 inhabitants and a daily number of visitors that brings the population up to approximately 1 million people per day. (Id.) San Juan and its metropolitan area are the Commonwealth's "educational, medical, legal, cultural and tourism center" and the location of most of Puerto Rico's economic activity. (Id.)

---

[3] In addition to the Motion, the Court has considered *Plaintiff's Memorandum of Law in Opposition to Defendant Financial Oversight and Management Board for Puerto Rico's Motion to Dismiss* (Docket Entry No. 51, the "Opposition") and the *Reply of the Financial Oversight and Management Board for Puerto Rico in Support of Its Motion to Dismiss Counts I and II of the Complaint with Prejudice, and to Dismiss Without Prejudice or to Stay Count III* (Docket Entry No. 52, the "Reply").

San Juan is home to more than 10,000 businesses and provides employment for over 195,000 individuals residing in Puerto Rico. (Id.)

On June 30, 2016, in order to develop a method for the Commonwealth to achieve fiscal responsibility and access to the capital markets, Congress enacted PROMESA. (Id. ¶ 12.) PROMESA created the Oversight Board, stating that the "purpose of the Oversight Board is to provide a method for a covered territory to achieve fiscal responsibility and access to the capital markets." 48 U.S.C.A. § 2121(a) (West 2017). PROMESA defines "covered territory" as a territory for which an Oversight Board has been established under Section 101 of PROMESA, defines "territory" to include "Puerto Rico," and expressly establishes a "Financial Oversight and Management Board . . . for Puerto Rico." Id. §§ 2104(7), 2104(20)(A); 2121(b)(1). Additionally, PROMESA defines "territorial instrumentality" as "any political subdivision, public agency, instrumentality . . . or public corporation of a territory, and this term should be broadly construed to effectuate the purposes of [PROMESA]," and the term "territorial government" as "the government of a covered territory, including all covered territorial instrumentalities." Id. §§ 2104(19)(A), 2104(18). Section 101(d)(1)(A) of PROMESA provides that the "Oversight Board, in its sole discretion at such time as the Oversight Board determines to be appropriate, may designate any territorial instrumentality as a covered territorial instrumentality that is subject to the requirements of" PROMESA. Id. § 2121(d)(1)(A). The Oversight Board may require, in its sole discretion, that covered territorial instrumentalities be subject to budgets and fiscal plans approved and certified by the Oversight Board. See id. §§ 2121(d)(1)(C)-(E).

On September 30, 2016, the Oversight Board designated the Commonwealth and sixty-two other entities as covered territorial instrumentalities subject to oversight under

PROMESA. (Compl. ¶ 16.) The Oversight Board commenced a debt adjustment proceeding on behalf of the Commonwealth by filing a petition in this Court under Title III of PROMESA on May 3, 2017.[4] (See Docket Entry No. 1 in Case No. 17-3283.) The Oversight Board thereafter commenced debt adjustment proceedings on behalf of certain other entities that had previously been designated as covered territorial instrumentalities. (See Docket Entry No. 1 in Case No. 17-3284, Docket Entry No. 1 in Case No. 17-3566, Docket Entry No. 1 in Case No. 17-3567, and Docket Entry No. 1 in Case No. 17-4780.) On May 9, 2019, the Oversight Board designated all seventy-eight of the Commonwealth's municipalities, including San Juan, as covered territorial instrumentalities pursuant to Section 101(d)(1)(A) of PROMESA. (Compl. ¶ 20.)

Plaintiff filed the Complaint on May 19, 2019, in the United States District Court for the District of Puerto Rico.[5] In the Complaint, Plaintiff generally asserts that the Oversight Board's designation of Puerto Rico's municipalities as covered territorial instrumentalities pursuant to Section 101 of PROMESA "dramatically expands the Oversight Board's asserted powers and guts the autonomous self-governing nature of San Juan and other municipalities." (Compl. ¶ 2.) Plaintiff contends that this designation "goes beyond the limitation that Congress placed on the Oversight Board, which is to 'provide a method for the [Commonwealth] to

---

[4]  See 48 U.S.C. §§ 2164, 2172-2174. Title III is codified at 48 U.S.C. §§ 2161-2177.
[5]  On July 1, 2019, the Oversight Board filed the *Motion to Transfer Civil Proceeding Pursuant to PROMESA § 306 or, in the Alternative, Pursuant to Local Rule 3A* (Docket Entry No. 36, the "Motion to Transfer"), seeking the transfer of this civil proceeding to the docket of the undersigned, as related to the Commonwealth's Title III proceeding. Plaintiff opposed the Motion to Transfer. (See Docket Entry Nos. 37 and 39.) On July 12, 2019, the Honorable Gustavo A. Gelpí, Chief Judge of the United States District Court for the District of Puerto Rico, ordered that this civil proceeding be transferred to the undersigned pursuant to Local Civil Rule 3A of the United States District Court for the District of Puerto Rico. (Docket Entry No. 40 (stating that transfer will "advance the fair, efficient, and timely disposition of this action and further the efficient performance of the business of the Court").)

achieve fiscal responsibility and access to the capital markets.'" (Id. ¶ 21.)  Although Plaintiff concedes that PROMESA empowers the Oversight Board to designate covered territorial instrumentalities, it asserts that, given the Oversight Board's pre-existing exercise of control over "the Commonwealth's budgetary and fiscal policies," there "is no apparent reason why the Oversight Board also would need to exercise control over all *municipal* finances to achieve fiscal responsibility for the *Commonwealth's* finances."  (Id. ¶¶ 3-4, 21.)  Plaintiff contends that the "mere designation" of San Juan as a covered territorial instrumentality has injured San Juan because the Oversight Board may now, at any time, elect to impose budgetary and fiscal approval processes, and the mayor and municipal legislature of San Juan are thus forced to "consider how the Oversight Board may react to their decisions or seek to impose their policy preferences, thereby depriving the people of San Juan of their right to have their elected Mayor and legislature devote their full attention to administering [San Juan] in the manner they consider best."  (Id. ¶ 30.)

The Complaint pleads the following counts.  In Count One, Plaintiff seeks "declaratory and injunctive relief because the Oversight Board's designation of San Juan as a covered territorial instrumentality is without a rational basis."  (Id. ¶ 38.)  In the alternative to Count One, and to the extent that the Oversight Board's designation of Plaintiff is not deemed a violation of PROMESA "for the reasons set forth in Count 1," Plaintiff seeks in Count Two "declaratory and injunctive relief because any purported grant of authority to the Oversight Board to designate San Juan 'as a covered territorial instrumentality that is subject to the requirements of' PROMESA under 48 U.S.C. § 2121(d)(1)(A), without regard to PROMESA's purpose, violates the non-delegation doctrine."  (Id. ¶ 48.)  In Count Three, Plaintiff seeks a declaration that the "Oversight Board's designation of San Juan as a covered territorial entity is

invalid because the members of the Oversight Board were not appointed in accordance with the Appointments Clause of the U.S. Constitution." (Id. at 18.) Plaintiff's Prayer for Relief also seeks an injunction prohibiting the Oversight Board from designating San Juan as a covered territorial entity pursuant to PROMESA Section 101. (Id.)

II.

DISCUSSION

The Oversight Board moves pursuant to Federal Rule of Civil Procedure 12(b)(6)[6] to dismiss with prejudice Counts One and Two of Plaintiff's Complaint for failure to state a claim upon which relief may be granted, and to dismiss without prejudice or otherwise stay Count Three of the Complaint. To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Mississippi Pub. Emps.' Retirement Sys. v. Boston Sci. Corp., 523 F.3d 75, 85 (1st Cir. 2008). The complaint must allege enough factual content to nudge a claim "across the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009) (citing Twombly, 550 U.S. at 570).

    A.    Count One: Violation of Federal Common Law Governing Judicial Review of Agency Actions

In Count One, Plaintiff invokes "federal common law" related to judicial review

---

[6] Rule 12(b)(6) is applicable to this civil proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012.

of agency actions, positing that substantive decisions made by the Oversight Board, like those of federal government agencies and certain federal instrumentalities, are subject to judicial review under an arbitrary and capricious standard.  (Compl. ¶ 46; Opp. at 6-10;) see, e.g., Texas Rural Legal Aid, Inc. v. Legal Servs. Corp., 940 F.2d 685 (D.C. Cir. 1991); Peoples Gas, Light & Coke Co. v. United States Postal Serv., 658 F.2d 1182 (7th Cir. 1981); Duncan v. Muzyn, 833 F.3d 567 (6th Cir. 2016).  Plaintiff takes a narrow view of the Oversight Board's purpose as stated in Section 101(a) of PROMESA, asserting that the statute authorizes the Oversight Board to act in aid of achieving fiscal responsibility and access to the capital markets for only the Commonwealth itself, rather than seek to achieve such goals for instrumentalities of the Commonwealth as well.  (Compl. ¶ 21.)  Plaintiff thus contends that all covered territorial instrumentality designations made pursuant to Section 101(d)(1)(A) of PROMESA must be designed to serve Commonwealth-level ends only.  The Complaint further points to the Oversight Board's alleged failure to provide any specific, contemporaneous explanation in support of its designation of San Juan as a covered territorial instrumentality that would demonstrate the connection between the designation and a narrow, Commonwealth-focused purpose, and to the lack of particularized explanations for the Oversight Board's designation of all seventy-eight municipalities.  (Id. ¶ 22.)  The Oversight Board's blanket designation of all seventy-eight municipalities is, according to Plaintiff, indicative of arbitrary and capricious conduct on the part of the Oversight Board.  (Id.)

The Oversight Board argues that Count One of the Complaint fails to state a claim upon which relief may be granted because Section 108 of PROMESA, which provides that neither the Governor nor the Legislature may exercise any control, supervision, oversight, or review over the Oversight Board or its activities, similarly prevents Plaintiff from seeking

judicial review of the Oversight Board's actions. (Mot. at 8.) The Oversight Board further asserts that, as a Commonwealth entity,[7] the Board is not subject to the federal common law upon which Plaintiff relies. (Reply at 7.) Even if the federal common law standard cited by Plaintiff were applicable to the Board's actions, the Oversight Board argues, the Board's designation of San Juan is facially rational in light of the statutory language of PROMESA. (Id. at 8.)

The Court turns first to the parties' arguments relating to Section 108 of PROMESA.

1. Section 108 of PROMESA

Section 108(a) of PROMESA, titled "Autonomy of [the] Oversight Board," provides in pertinent part that "[n]either the Governor nor the Legislature may . . . exercise any control, supervision, oversight, or review over the Oversight Board or its activities." 48 U.S.C.A. § 2128(a)(1) (West 2017). The Oversight Board contends that Section 108 precludes Plaintiff's assertion of its federal common law claim, which challenges the manner in which the Oversight Board is exercising its authority under PROMESA. (Mot. at 8.) Plaintiff, citing its autonomy as a political unit under Commonwealth law and PROMESA's specific references to the "Governor" and the "Legislature" in Section 108, argues that the statute does not apply to bar its claims against the Oversight Board. (Opp. at 15.)

As this Court held in its decision published as In re Financial Oversight & Mgmt. Bd. for P.R., 583 B.R. 626, 637 (D.P.R. 2017) (the "CTO Opinion"), Section 108 of PROMESA,

---

[7] Section 101(c) of PROMESA provides that the Oversight Board "shall be created as an entity within the territorial government," and "shall not be considered to be a department, agency, establishment, or instrumentality of the Federal Government." 48 U.S.C.A. § 2121(c) (West 2017).

even when applicable, "does not preclude the government from . . . seeking court determinations regarding" whether the Oversight Board has the authority to take a certain course of action. The Court therefore turns to Plaintiff's position that the Oversight Board is authorized to designate municipalities as covered territorial instrumentalities pursuant to Section 101(d)(1)(A) of PROMESA only insofar as necessary to regulate the Commonwealth government's fiscal responsibility.

The Court concludes that Plaintiff's narrow reading of the Oversight Board's scope of responsibility is inconsistent with the plain language of the statute and with the structure of PROMESA. Section 405(m)(4)[8] of PROMESA is unambiguous: Congress specifically found that "[a] comprehensive approach to fiscal, management, and structural problems and adjustments that exempts no part of the Government of Puerto Rico is necessary, involving independent oversight and a Federal statutory authority for the Government of Puerto Rico to restructure debts in a fair and orderly process." 48 U.S.C.A. § 2194(m)(4) (West 2017). Sections 5(11) and 5(19)(A) of PROMESA are also unambiguous: the "Government of Puerto Rico" is broadly defined to include the Commonwealth of Puerto Rico and all of its territorial instrumentalities, and the term "Territorial Instrumentality" is broadly defined to include any

---

[8] In *Plaintiff's Reply Memorandum of Law in Support of Its Motion for Limited Discovery*, San Juan contends that "Section 405(m) is nestled in the section of PROMESA providing for an automatic stay in the event that the Commonwealth enters a restructuring proceeding. Consequently, that section has nothing to do with the nature of Congress's delegation of powers to the Oversight Board or the manner in which such powers are exercised." (Docket Entry No. 53 at 6.) Section 405(m), however, is structured in a way that clearly makes Congress's finding of the necessity of comprehensive oversight textually independent of the stay-specific provisions elsewhere within Section 405. For example, Section 405(m)(5), which states Congress's finding concerning the automatic stay, is prefaced by the word "[a]dditionally," and the final finding in Section 405(m)(6) regarding capital market integrity, financial accountability, and stability includes the term "Government of Puerto Rico," which is broadly defined by PROMESA.

political subdivision, public agency, or instrumentality of a territory. Id. §§ 2104(11), 2104(19)(A). When read together, these provisions of PROMESA mandate a comprehensive and orderly restructuring process with independent oversight from which no part of the broadly-defined "Government of Puerto Rico" is exempt.

Plaintiff does not dispute that it is a "political subdivision" of the Commonwealth, and indeed acknowledges that San Juan is the economic center of the Commonwealth. Plaintiff is therefore a part of the Government of Puerto Rico subject to the "comprehensive approach" and "independent oversight" contemplated by Congress in Section 405(m) of PROMESA. Plaintiff's construction of the Oversight Board's statutory mission would effectively cripple the Oversight Board, leaving open the possibility of fiscal responsibility at the Commonwealth level with no mechanism to address ongoing financial instability at the municipal level, and would be facially inconsistent with the plain language of Section 405 of PROMESA and the aforementioned inclusive definitions. The Court concludes that PROMESA authorizes the Oversight Board to designate municipalities as covered territorial instrumentalities pursuant to Section 101(d)(1)(A) of PROMESA in aid of fiscal oversight of the Commonwealth as a whole. Count One thus fails to state a claim to the extent that it claims that PROMESA did not authorize the Oversight Board to designate the Commonwealth's municipalities as covered territorial instrumentalities without a stated rationale tying the designation specifically to the fiscal health of Puerto Rico at the level of the Commonwealth government.

The Court now addresses Plaintiff's challenge to the Oversight Board's ability to designate covered territorial instrumentalities as such in the absence of an explicit, contemporaneous, and rational basis. PROMESA specifically commits a broad range of matters to the sole discretion of the Oversight Board, including the Oversight Board's ability to designate

covered territorial instrumentalities.  Section 108 of PROMESA specifically protects the independence and autonomy of the Oversight Board's oversight and restructuring activities by precluding the exercise of control, supervision, oversight, or review by the territorial government of the Oversight Board or those activities.  A challenge in this Court seeking a ruling as to whether the Oversight Board has exercised its powers properly, as distinguished from a challenge in this Court as to whether the Oversight Board is empowered by PROMESA to take a certain course of action, is plainly a species of supervisory action within the meaning of Section 108(a)(1) of PROMESA.

Although Plaintiff acknowledges the limitations imposed by Section 108 of PROMESA, it claims that this provision does not apply to San Juan because San Juan derives its existence and power from Commonwealth legislation and thus is itself neither the Governor nor the Legislature.  (See Opp. at 15.)  San Juan would have the Court interpret PROMESA as permitting the Commonwealth Legislature to authorize, via statute, an entity with powers greater than its own.  Indeed, under San Juan's reading of the statute, any instrumentality could challenge the wisdom or rationality of each of the Oversight Board's actions even though neither the Governor nor the Legislature can do so, a result that would undermine the Board's congressionally-granted authority and impede its work.  PROMESA, whose terms "prevail over any general or specific provisions of [Commonwealth] law . . . that [are] inconsistent with" PROMESA, precludes such a result.  48 U.S.C.A. § 2103 (West 2017).

The Court therefore determines that Section 108 of PROMESA precludes Plaintiff from invoking federal common law to challenge the Oversight Board's exercise of its authority to designate covered territorial instrumentalities, and Count One thus fails to state a claim upon which relief may be granted.  In light of this conclusion, the Court need not address the parties'

arguments concerning the Oversight Board's status as a federal or a territorial entity, or the applicability of federal common law review standards.

B. <u>Count Two: Violation of the Non-Delegation Doctrine</u>

In the alternative to Count One, and "to the extent that the Oversight Board's designation [of Plaintiff] is not deemed a violation of PROMESA," Plaintiff seeks in Count Two "declaratory and injunctive relief because any purported grant of authority to the Oversight Board to designate San Juan 'as a covered territorial instrumentality that is subject to the requirements of' PROMESA under 48 U.S.C. § 2121(d)(1)(A), without regard to PROMESA's purpose, violates the non-delegation doctrine." (Compl. ¶ 48.) Plaintiff asserts that, when Congress confers decisionmaking authority upon agencies, it must lay down by legislative act an intelligible principle to which the person or body authorized to act is directed to conform. (<u>Id.</u> ¶ 50.) Plaintiff contends that Congress's delegation of instrumentality designation authority to the Oversight Board (other than specifically in aid of the fiscal health of the Commonwealth government) is unaccompanied by any intelligible principles that would provide bounds to the Oversight Board's exercise of its discretion and that such delegation is therefore unconstitutional. (<u>Id.</u> ¶ 51.) In its Second Prayer for Relief, in the alternative to the First Prayer for Relief, Plaintiff seeks a declaration that "PROMESA is unconstitutional to the extent that it grants the Oversight Board discretion to designate San Juan as a covered entity without a rational basis consistent with PROMESA's purpose." (<u>Id.</u> at 18.)

The Oversight Board argues that Count Two fails to state a claim because the non-delegation doctrine does not apply to Congress's governance of territories, including the Commonwealth. The Oversight Board contends that, regardless of whether its members are determined to be officers of the federal government, the exception to the non-delegation doctrine

that allows Congress to delegate legislative authority to the Oversight Board is still applicable. (Mot. at 11.) The Oversight Board also argues that Congress, not the Oversight Board, determined that all territorial instrumentalities should be included in the Oversight Board's authority regarding management of the Commonwealth's economic recovery. (Id.) Thus, the Oversight Board asserts, its designation of San Juan as a covered territorial instrumentality is merely a "method to carry out the independent oversight Congress already found 'necessary'" in the text of PROMESA. (Id.)

In its Opposition, Plaintiff argues that, if the Court were to conclude that Congress delegated to the Oversight Board the authority to designate any entity as a covered territorial instrumentality "without regard to PROMESA's purpose," such an "untethered delegation of authority would violate the non-delegation doctrine because [Congress] failed to provide an intelligible principle to which the Oversight Board must conform." (Opp. at 16-17.) Plaintiff also asserts that the non-delegation doctrine applies to Congress's delegation of power to the Oversight Board for two reasons: (i) the Oversight Board is a federal entity rather than a territorial entity, and (ii) cases exempting territorial governments from the non-delegation doctrine are limited to democratically accountable territorial governments and therefore do not apply to unelected and "unaccountable" entities such as the Oversight Board. (Id. at 18-20, 21-22.)

The Court concludes that, accepting as true the non-conclusory factual allegations in the Complaint and drawing all reasonable inferences in Plaintiff's favor, Count Two does not adequately allege a violation of the non-delegation doctrine and therefore fails to state a claim upon which relief may be granted. Assuming, solely for purposes of the instant analysis, that the non-delegation doctrine is applicable to Congress's delegation of legislative authority to the

Oversight Board, [9] Plaintiff's claim fails. As both Plaintiff and the Oversight Board have noted, "a statutory delegation is constitutional as long as Congress lays down by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform." (Opp. at 17; Reply at 13 (both citing Gundy v. United States, 139 S. Ct. 2116, 2123 (2019) (plurality opinion) (internal quotations, alterations, and citations omitted)).) In considering whether Congress has set forth an "intelligible principle," the Supreme Court has held that an intelligible principle is "constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Mistretta v. United States, 488 U.S. 361, 372-73 (1989) (internal citation omitted); see also Gundy, 139 S. Ct. at 2123 ("[A] nondelegation inquiry always begins (and often almost ends) with statutory interpretation. The constitutional question is whether Congress has supplied an intelligible principle to guide the delegee's use of discretion . . . the answer requires construing the challenged statute to figure out what task it delegates and what instructions it provides.").

Congress supplied an intelligible principle to guide the Oversight Board's exercise of delegated authority in the plain text of PROMESA: "The purpose of the Oversight Board is to provide a method for a covered territory to achieve fiscal responsibility and access to the capital markets." 48 U.S.C.A. § 2121(a) (West 2017). This principle governs not only the

---

[9] Plaintiff maintains that it has pled sufficient facts to demonstrate that the Oversight Board should be deemed a federal entity for constitutional purposes and is therefore subject to the non-delegation doctrine, citing the decision of the United States Court of Federal Claims in Altair Glob. Credit Opportunities Fund (A), LLC v. United States, 138 Fed. Cl. 742 (2018). (Opp. at 20.) In Altair, the Court of Federal Claims held in relevant part that the Oversight Board should be deemed a federal entity for the purpose of evaluating a constitutional Takings Clause claim. (Id. at 18.) The Altair Court did not, however, address the non-delegation doctrine.

Oversight Board's actions in respect of Puerto Rico's government at the Commonwealth level, but constitutes the lodestar for the "comprehensive approach to fiscal, management, and structural problems and adjustments that exempts no part of the Government of Puerto Rico" that Congress has found is necessitated by Puerto Rico's fiscal crisis. Id. § 2194(m)(4). The statute itself sets forth the boundaries of the authority delegated by Congress to the Oversight Board by enumerating the Board's powers with respect not only to designation, but also to the actions it can take in respect of the territory and designated instrumentalities thereof.

The Court has repeatedly confirmed that PROMESA does not grant the Oversight Board unbounded discretion to act on behalf of the Commonwealth. See, e.g., In re Financial Oversight & Mgmt. Bd. for P.R., 330 F. Supp. 3d 685, 701 (D.P.R. 2018) ("the Oversight Board has not been given power to affirmatively legislate"); CTO Opinion at 636 ("PROMESA leaves the elected government in place and does not suspend it in favor of direct management by [the Oversight Board]"). Indeed, Plaintiff itself relies on and accepts the stated purpose of PROMESA in support of Count One of its Complaint, and states explicitly that "PROMESA's grant of authority to the Oversight Board is bounded by the purpose expressed in its organic statute." (Opp. at 2 (citing 48 U.S.C. § 2121(a)).) Plaintiff seeks to evade this truth by pursuing its unsupportably narrow thesis that the Oversight Board's powers extend only to measures addressing the fiscal integrity of Puerto Rico's central government and do not reach fiscal issues of political subdivisions and other instrumentalities. As noted above, Plaintiff is an economic center of Puerto Rico. It and other municipalities have historically received subsidies from the central government. (See, e.g., Docket Entry No. 1-2 in Adversary Proceeding No. 19-AP-393, Law 29 of 2019 (discussing the gradual elimination of "fund transfers from the [Commonwealth] General Fund to municipalities," or "subsidies").) To read PROMESA, which expressly

includes Congress's finding that a "comprehensive approach . . . that exempts no part of the Government of Puerto Rico" is necessary, as denying the Oversight Board authority to use the tools provided in PROMESA to address fiscal issues at the municipal level would be inconsistent with the structure and stated purpose of the statute. 48 U.S.C.A. § 2194(m)(4) (West 2017).

Because Congress's statutory delegation of authority to the Oversight Board includes an "intelligible principle to which the [Oversight Board] . . . is directed to conform," and because the Oversight Board's decision to designate San Juan a covered territorial instrumentality is within the grant of authority and facially consistent with that purpose, Plaintiff has thus failed in Count Two to state a claim upon which relief may be granted.

C. Count Three: Violation of the Appointments Clause

In Count Three, Plaintiff asserts that the appointment of the Oversight Board's members violated the Appointments Clause of the Constitution of the United States, and that the Oversight Board's actions, especially those taken after the First Circuit's February 15, 2019, decision, are invalid and unconstitutional. (Compl. ¶ 53.) The Complaint's Third Prayer for Relief relatedly seeks a declaration that the Oversight Board's designation of San Juan as a covered territorial entity is invalid because the members of the Oversight Board were not appointed in accordance with the Appointments Clause of the United States Constitution. (Id. at 18.)

The Oversight Board argues that Count Three of the Complaint should be dismissed without prejudice or otherwise stayed until the Supreme Court issues its decision in connection with Aurelius Inv., LLC v. Puerto Rico, 915 F.3d 838 (1st Cir. 2019), cert. granted sub. nom. Fin. Oversight & Mgmt. Bd. for P.R. v. Aurelius Inv., LLC, 139 S. Ct. 2735 (2019). The Oversight Board contends that this Court lacks jurisdiction to determine whether the

members of the Oversight Board were appointed in accordance with the Appointments Clause while the same issue is pending before the Supreme Court and that, in any event, the Court should use its discretionary power to stay this civil proceeding during the pendency of the Supreme Court's decision. (Mot. at 12-13.) Plaintiff does not oppose a stay of litigation on Count Three pending the Supreme Court's review. (Opp. at 23.)

In light of the apparent agreement among the parties that a stay of Count Three of the Complaint would be efficient given the Supreme Court's ongoing consideration of the issue presented in Count Three (i.e., whether the appointment of the members of the Oversight Board violated the Appointments Clause), the Court grants the Motion to the extent it seeks a stay of the claim asserted in Count Three pending the issuance of the Supreme Court's decision in connection with Aurelius Inv., LLC v. Puerto Rico, 915 F.3d 838 (1st Cir. 2019), cert. granted sub. nom. Fin. Oversight & Mgmt. Bd. for P.R. v. Aurelius Inv., LLC, 139 S. Ct. 2735 (2019).

III.

CONCLUSION

For the foregoing reasons, the Oversight Board's motion to dismiss the Complaint is granted. Counts One and Two of the Complaint are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and Count Three of the Complaint is stayed pending the Supreme Court's determination of the Appointments Clause question presented in the appeal

of the First Circuit's Aurelius decision.

This Opinion and Order resolves Docket Entry No. 46.

SO ORDERED.

Dated: December 5, 2019

        /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge